UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | |
| | Chapter 11 |
| ORACLE OIL, LLC | |
| | Case No. 17-12391 |
| Debtor | |
| | Section "A" |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR
ORDER AUTHORIZING THE EMPLOYMENT OF THE DERBES LAW FIRM, L.L.C.
AS COUNSEL PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE
WITH INCORPORATED MEMORANDUM**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

ORACLE OIL, LLC, as Debtor ("Debtor"), hereby submits this *Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Authorizing the Employment of The Derbes Law Firm, L.L.C. as Counsel Pursuant to Section 327(a) of the Bankruptcy Code With Incorporated Memorandum* (the "Application") for entry of an order authorizing the Debtor's retention of Frederick L. Bunol, and The Derbes Law Firm, L.L.C. (collectively "DLF" or the "Firm") *nunc pro tunc* to September ___, 2017, as Debtor's counsel pursuant to Section 327(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014(a).  In support of this Application, the Debtor respectfully states as follows:

**Background**

1.

On September 6, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business and manage its property as Debtor-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Jurisdiction**

2.

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3.

By this Application, the Debtor seeks to employ and retain Frederick L. Bunol and The Derbes Law Firm, L.L.C. as bankruptcy counsel with regard to the prosecution of its Chapter 11 case and all matters arising in, arising under, or related thereto, effective as of September 6, 2017. Accordingly, the Debtor respectfully requests the entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing it to employ and retain the DLF as its attorneys to perform the legal services that will be necessary during this Chapter 11 case. The Debtor has been informed that all members, counsel and associates of the DLF who will be engaged in this Chapter 11 case are admitted to practice before this Court.

4.

The employment of the DLF as the Debtor's restructuring counsel, pursuant to the terms of this Application, is appropriate and necessary to enable the Debtor to execute faithfully its duty as debtor and debtor in possession and to implement a successful restructuring and reorganization of its business and financial affairs. Furthermore, as the Debtor lacks the knowledge or capacity to manage these proceedings without counsel, and accordingly, the immediate employment and assistance of the DLF as the Debtor's restructuring counsel is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

5.

Under Section 327(a) of the Bankruptcy Code, a Debtor-in-Possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, that are disinterested persons,[1] to represent or assist the debtor in carrying out its duties under this title." 11 U.S.C. § 327(a).

6.

The DLF does not hold or represent any interest adverse to the Debtor's estate, the DLF is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and the DLF's employment is necessary and in the best interest of the Debtor and Debtor's estate.

### DLF's Qualifications

7.

The Debtor seeks to retain the DLF as its attorneys because of the firm's extensive experience and knowledge in numerous legal fields that may arise in this Chapter 11 case, including debtors' and creditors' rights, reorganizations under Chapter 11 of the Bankruptcy Code, and real estate. In addition, the DLF has significant experience and knowledge practicing before bankruptcy courts, and the ability to quickly respond to all issues that may arise in this case. In preparing for this case, the DLF has become familiar with the Debtor's business and affairs and

---

[1] Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:
    a person that--
    (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
    (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor.

many of the potential legal issues which may arise in the context of this Chapter 11 case. Accordingly, the Debtor believes that the DLF is both well qualified and uniquely able to represent it in the Chapter 11 case in an efficient and timely manner.

## **Services to Be Provided**

8.

The professional services that the DLF will render to the Debtor includes, but shall not be limited to, the following:

(a) providing legal advice with respect to its powers and duties as debtor in possession in the continued management of its business and property;

(b) attending meetings with representatives of its creditors and other parties in interest;

(c) taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning litigation in which the Debtor is or may become involved, and objections to claims to be filed by the estate;

(d) preparing on behalf of the Debtor motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e) negotiating and preparing on the Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(f) appearing before this Court to protect the interests of the Debtor before this Court;

(g) performing all other necessary legal services and provide all necessary legal advice to the Debtor in connection with this Chapter 11 case;

(h) advising the Debtor concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructuring and recharacterizations; and

(i) commencing and conducting litigation necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's Chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization.

9.

The Debtor desires to retain the DLF under an employment arrangement as set forth in the attached Affidavit of Frederick L. Bunol and in paragraphs numbered 11 through 16, below.

10.

The DLF's compliance with the requirements of Sections 327(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 is set forth in greater detail in the Affidavit of Frederick L. Bunol, pursuant to Bankruptcy Rules 2014 and 2016(b) and Section 329(a) of the Bankruptcy Code, filed concurrently herewith and attached hereto as **Exhibit A**.

**Compensation Received by DLF from the Debtor**

11.

The DLF has agreed to provide advice and legal services on an hourly basis. Further, DLF received a total of $20,275.00 for the benefit of ORACLE OIL, LLC. Pre-petition, DLF received fees of $5,952.50 and incurred costs of $1,717.00 (filing fee) leaving a total of $12,612.50 in the DLF trust account.

12.

The DLF intends to apply to the Court for allowance of post-petition compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules and orders of this Court.

13.

Subject to court approval under Section 330(a) of the Bankruptcy Code, compensation will be payable henceforth to the DLF on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the DLF. The hourly rates charged by the DLF to Debtor are the usual rates charged by the DLF to other clients in bankruptcy and non-bankruptcy matters.

14.

The Derbes Law Firm, L.L.C.'s published, normal rates, which were set at a level designed to fairly compensate it for the work of attorneys, staff accountants (C.P.A.s), and paralegals, and to cover fixed and routine overhead expenses, for the year 2017 are as follows:

| Name | Rate |
|---|---|
| Albert J. Derbes, IV, Esq. | $350.00/hour |
| Eric J. Derbes, Esq. | $350.00/hour |
| Wilbur J. "Bill" Babin, Jr., Esq. | $375.00/hour |
| Beau P. Sagona, Esq. | $350.00/hour |
| Melanie M. Mulcahy, Esq. | $300.00/hour |
| Frederick L. Bunol, Esq. | $275.00/hour |
| Jared S. Scheinuk | $180.00/hour |
| Bryan J. O'Neill, Esq. | $160.00/hour |
| Hugh J. Posner, C.P.A. | $200.00/hour |
| Notary | $ 80.00/hour |
| Paralegal(s) | $ 80.00/hour |
| Legal Assistant | $ 60.00/hour |

The firm's minimum billing increment is one-tenth (1/10) of an hour. The DLF has unlimited access to online research for a flat fee, and accordingly, no expenses will be charged for Westlaw or Lexis legal research. The DLF charges $0.25 cents per page for photocopies and requests reimbursement of court electronic filing and other costs, overnight mail, and courier delivery.

15.

Per the Agreement between Debtor and the DLF, the Debtor or its guarantors may pay to the DLF certain post-petition amounts which will be placed in the DLF trust account.

16.

All of the DLF's fees and expenses will be subject to Bankruptcy Court approval in accordance with the Bankruptcy Code.

## **Notice**

17.

The Derbes Law Firm, L.L.C. is not aware of anyone who objects to its employment in this matter.

18.

The Debtor seeks to employ The Derbes Law Firm, L.L.C. as counsel in all matters relating to the performance of Debtor's duties as debtor-in-possession on an interim basis pending a final hearing.

19.

No trustee, examiner, or creditors' committee has been appointed in the Debtor's Chapter 11 case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to employ and retain Frederick L. Bunol, and The Derbes Law Firm, L.L.C. *nunc pro tunc*, the date of filing of the Petition, September 6, 2017, as counsel for the Debtor, and for such other or further relief as is just and equitable.

Respectfully submitted,

THE DERBES LAW FIRM, L.L.C.

*/s/Frederick L. Bunol*
Frederick L. Bunol (29,111)
Bryan J. O'Neill (37,250)
3027 Ridgelake Drive
Metairie, LA 70002
Phone: 504.837.1230
Facsimile: 504.832.0327
*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re<br><br>ORACLE OIL, LLC<br><br>　　　　　　Debtor | Chapter 11<br><br>Case No. 17-12391<br><br>Section "A" |

AFFIDAVIT OF FREDERICK L. BUNOL IN SUPPORT OF
APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE
DERBES LAW FIRM, L.L.C. AND STATEMENT OF THE DERBES LAW FIRM, L.L.C.
PURSUANT TO BANKRUPTCY RULES 2014 AND 2016(b) AND SECTION 329(a) OF
THE BANKRUPTCY CODE

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

Frederick L. Bunol, being duly sworn, deposes and says as follows:

1. My name is Frederick L. Bunol, and I am a member of The Derbes Law Firm, L.L.C. (the "DLF" or the "Firm"), with offices at 3027 Ridgelake Dr., Metairie, LA 70002. I am currently admitted and in good standing as a member of the bar of the State of Louisiana.

2. I am authorized to make this affidavit (the "Affidavit") on behalf of the Firm, and the Affidavit is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support of the Application of the above-captioned Debtor and Debtor in Possession filed contemporaneously herewith for an order pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving the employment and retention of DLF as counsel to ORACLE OIL, LLC (the "Debtor").

## Disinterestedness of Professionals

3. Subject to paragraph 4, below, the DLF is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Firm, its partners, counsel and associates:

   **(A)** are neither creditors, equity security holders, nor insiders;

   **(B)** are not and were not, within 2 years before the date of the filing of the petition, directors, officers, or employees of the debtor; and

   **(C)** do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

4. Based on the conflicts search, to the best of my present knowledge, information and belief, no member, associate, or counsel practicing in my firm represents or holds any interest adverse to the Debtor or to their estate, and all members, associates, and counsel practicing in my firm are "disinterested persons" as that phrase is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, all within the meaning of Section 327(a) of the Bankruptcy Code.

5. I am not related, and to the best of my knowledge, no attorney at the Firm is related to any United States Bankruptcy Judge in this District or to the United States Trustee for such district or any employee thereof.

6. The DLF has agreed to provide advice and legal services on an hourly basis.

7. In addition to the above disclosure, the DLF and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent other parties in interest of the Debtor in connection with the matters unrelated to the Debtor and this case; however, for purposes of this bankruptcy there is no conflict of interest in DLF's representation of Debtor as neither Frederick L. Bunol nor

DLF have represented any other party regarding Debtor. The DLF has searched its electronic database for any other connections to the parties related to the Debtor as set forth below, all of which were provided to the DLF by the Debtor. The information listed may change without our knowledge during the pendency of this case. The DLF will update this Affidavit when necessary and when the DLF becomes aware of material information.

8. In compliance with the disclosure requirements under rule 2014 of the Federal Rules of Bankruptcy Procedure, the following is a list of the categories of entities that the DLF has searched to check and clear other potential conflicts of interest in this case:

    (a) The Debtor;

    (b) The Debtor's nondebtor affiliates;

    (c) Parties currently involved in litigation with the Debtor;

    (d) Twenty (20) largest unsecured creditors of the Debtor;

    (e) The Debtor's secured creditors;

    (f) The Debtor's depository and disbursement banks; and

    (g) Other professionals retained by the Debtor in this Chapter 11 case.

9. Despite the efforts described above to identify and disclose other connections with parties in interest in this case, the DLF is unable to state with certainty that every client representation or other connection of the DLF has been disclosed. In this regard, the DLF will periodically review its files during the pendency of this Chapter 11 case to ensure that no disabling conflicts or other disqualifying circumstances exist or arise. If any relevant facts are discovered or arise, the DLF will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Bankruptcy Rule 2014(a) requires.

10. Based on the conflicts search, to the best of my present knowledge, information, and belief, no member, associate, or counsel practicing in my firm represents or holds any interest adverse to the Debtor or to the estate, and all members, associates, and counsel practicing in my firm are "disinterested persons" as that phrase is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

11. The DLF over the years has worked with many of the professionals which are or may become involved in these cases, representing either the same parties, parties with similar interest, or parties with adverse interests. None of these connections are materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders.

12. To the best of my knowledge, no DLF attorney is a member or creditor of the Debtor.

### Services to Be Rendered

13. The Debtor has requested that the DLF render the following services in connection with this Chapter 11 case:

   a) to provide legal advice with respect to its powers and duties as debtor in possession in the continued management and operation of its business and property;

   b) attend meetings with representatives of its creditors and other parties in interest;

   c) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objections to claims filed against the estate;

   d) to prepare on behalf of the Debtor motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e) negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

f) appear before this Court to protect the interests of the Debtor before this Court; and

g) perform all other necessary legal services and provide all necessary legal advice to the Debtor in connection with this Chapter 11 case.

**Professional Compensation**

15. The Firm will provide to the Debtor a monthly invoice covering services rendered and expenses incurred during the preceding month. It is understood that, in accordance with the Bankruptcy Code, final payment and all interim payments are subject to approval by this Court. The present hourly rates (which may be adjusted from time to time in accordance with the policy of the DLF) negotiated by Debtor and the Firm for the services expected to be rendered are as follows:

| | |
|---|---|
| Albert J. Derbes, IV, Esq. | $350.00/hour |
| Eric J. Derbes, Esq. | $350.00/hour |
| Wilbur J. "Bill" Babin, Jr., Esq. | $375.00/hour |
| Beau P. Sagona, Esq. | $350.00/hour |
| Melanie M. Mulcahy, Esq. | $300.00/hour |
| Frederick L. Bunol, Esq. | $275.00/hour |
| Jared S. Scheinuk | $180.00/hour |
| Bryan J. O'Neill, Esq. | $160.00/hour |
| Hugh J. Posner, C.P.A. | $200.00/hour |
| Notary | $ 80.00/hour |
| Paralegal(s) | $ 80.00/hour |
| Legal Assistant | $ 60.00/hour |

The firm's minimum billing increment is one-tenth (1/10) of an hour. The Derbes Law Firm, L.L.C. has unlimited access to online research for a flat fee, and accordingly, no expenses will be charged for Westlaw or Lexis legal research. The DLF charges $0.25 cents per page for photocopies and requests reimbursement of court electronic filing and

other costs, overnight mail, and courier delivery. The firm will seek compensation based upon the hourly billing rates in effect at the time any service is rendered, subject to Bankruptcy Court approval.

16. The DLF further states pursuant to Federal Rule of Bankruptcy Procedure 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of the DLF, or (b) any compensation another person or party has received or may receive.

17. The Derbes Law Firm, L.L.C. is not aware of anyone who objects to its employment in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Frederick L. Bunol

Sworn to and subscribed before me,
Notary Public, this 7th day of September, 2017.

_____
NOTARY PUBLIC
Deborah D. Harvey
#80866